# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SMITH GABRIEL, | : | |
| | : | 3:14-CV-01882 |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, ET AL., | : | (Judge Nealon) |
| | : | |
| Respondents | : | |

## MEMORANDUM

On September 29, 2014, Petitioner, Smith Gabriel, formerly a detainee of Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  He challenged his detention by ICE pending final adjudication of his removability from the United States, and requested immediate release from ICE custody.  (Id.).  On November 26, 2014, Respondents filed a response to the petition.  (Doc. 5).  On December 11, 2014, Petitioner filed a traverse. (Doc. 6).  For the reasons set forth below, the petition will be dismissed as moot.

## Background

Petitioner, a native and citizen of Haiti, entered the United States on or about August 26, 1986.  (Doc. 1).  In 1999, Petitioner was charged as removable from the United States on several grounds; on April 9, 2003, a

final order of removability was entered by the Board of Immigration Appeals ("BIA").  (Doc. 5, Ex. E, G).  In August 2013, Petitioner was again apprehended by ICE after being released from state custody on a conviction for Promotion of Prostitution.  (Doc. 5, Ex. M).

On January 6, 2014, Petitioner was ordered removed from the country by an immigration judge.  (Id. at Ex. N).  On appeal, the BIA remanded the case; thereafter, on August 4, 2014, the IJ again ordered Petitioner removed from the United States.  (Id. at Ex. Q).  On September 29, 2014, Petitioner filed a petition for writ of habeas corpus with this Court.  (Doc. 1).  On March 2, 2015, this Court issued an Order directing Respondents to file a supplemental brief addressing whether Petitioner had been provided a hearing in accordance with In re Joseph, 22 I. & N. Dec. 799 (BIA 1999).  (Doc. 9).  On March 13, 2015, Respondents filed a document urging this Court to dismiss the petition as moot because, on February 24, 2015, Petitioner had been removed from the United States to Haiti.  (Doc. 10).

**Discussion**

Article III of the United States Constitution limits federal courts to the adjudication of only ongoing cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  If at any time the petitioner does not have a "personal stake in the

outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court had addressed the merits of the petition." DeFoy v. McCulough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)).  Consequently, where an ICE detainee challenges his or her continued detention and only seeks release from that detention, the habeas petition becomes moot upon release from custody.  See, e.g., Novas v. ICE, 303 F.App'x 115, 118 n. 3 (3d Cir. 2008); Sanchez v. Att'y Gen. of U.S., 146 F.App'x 547, 549 (3d Cir. 2005).

Attached to the Respondents' suggestion of mootness is the sworn affidavit of Michael C. Ramella, an assistant field office director for ICE.  (Doc. 10, Ex. A).  In his affidavit, Ramella states that Petitioner became the subject of a final order of removal on December 18, 2014, and was removed from the United States to Haiti on February 24, 2015. (Id.).  A search of the ICE online inmate locator system confirms that Petitioner, detainee number A075 997 296, is no longer in ICE custody.  As the only relief sought by Petitioner was his release from ICE custody, this Court can no longer grant relief, and the petition must be dismissed as moot.  Novas, 303 F.App'x at 118 n. 3; Sanchez, 146 F.App'x at 549.

**<u>Conclusion</u>**

A review of the record reveals that the petition for writ of habeas corpus has been rendered moot by Petitioner's removal from the United States. Therefore, his petition will be dismissed.

A separate Order will be issued.

Date:  March 17, 2015

/s/William J. Nealon
United States District Judge